448 Pa. Superior Ct. 525 (1996)
672 A.2d 341
R.G., Appellee,
v.
T.D., Appellant.
Superior Court of Pennsylvania.
Argued January 25, 1996.
Filed March 5, 1996.
*526 Douglas B. Chester, Spring Mills, for appellant.
Caren Bloom, State College, for appellee.
Before McEWEN, President Judge, and SAYLOR and HOFFMAN, JJ.
*527 HOFFMAN, Judge.
This is an appeal from a February 9, 1995 Protection from Abuse (PFA) order. Appellant, T.D., now raises the following issue for our review:
DID THE COURT ERR IN GRANTING A PROTECTIVE ORDER UNDER THE PROTECTION FROM ABUSE ACT?
Appellant's Brief at 3.
On February 1, 1995, appellee R.G., a student at Penn State University, filed a PFA petition against appellant, a fellow student at the school, to prevent him from attempting to contact her via any method of communication. A temporary ex parte PFA order was entered the same day. After a hearing on February 9, 1995, a full PFA order was entered against appellant enjoining him from any attempt to contact appellee for one (1) year. Following the denial of appellant's motion for reconsideration on February 21, 1995, this timely appeal followed.
Appellant now argues that the PFA order against him must be vacated as appellee failed to show the requisite relationship or to allege any abuse under the terms of the Act. Moreover, he contends that he was denied due process at the hearing as the trial court only allotted him four minutes to present his case and he was not represented by an attorney at the hearing.
In reviewing the validity of a PFA order, we must determine whether the evidence, in the light most favorable to petitioner and granting her the benefit of all reasonable inferences, was sufficient to sustain the trial court's determination that abuse was shown by a preponderance of the evidence. 23 Pa.C.S. § 6107(a); Miller v. Walker, 445 Pa.Super. 537, 543-44, 665 A.2d 1252, 1255 (1995); Snyder v. Snyder, 427 Pa.Super. 494, 505, 629 A.2d 977, 982 (1993). Moreover, we must defer to the lower court's determinations of the credibility of witnesses at the hearing. Miller, supra.
*528 A PFA order may be issued "to bring about a cessation of abuse of the plaintiff...." 23 Pa.C.S. § 6108. "Abuse," as defined by the statute in relevant part, is "the occurrence of one or more of the following acts between ... intimate partners:
(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury...."
23 Pa.C.S. § 6102(a)(5).
In the instant case, the PFA petition filed by appellee referred to appellant as her "former boyfriend," and appellant made no objection to use of the description at the hearing. PFA Petition at 5. Therefore, a relationship between "intimate partners" had been established between the parties which allowed appellee to seek protection under the PFA statute. 23 Pa.C.S. § 6102(a); see Counterman v. Shoemaker, 14 D. & C. 4th 217 (1992), aff'd., 427 Pa.Super. 648, 625 A.2d 95 (1992) (upholding PFA order against ex-boyfriend as "former intimate partner").
In addition, appellee alleged in her PFA petition that appellant repeatedly placed unwanted phone calls and electronic mail messages to appellee, one which included the statement "you're not answering me, you'll die." PFA Petition at 6. Appellee also alleged that appellant told her he suffered from an obsessive-compulsive disorder and that she was the object of his obsession. N.T. 2/9/95 at 11. Appellee further testified that she was "very scared" by the increasingly hostile messages from appellant and that she was afraid to walk around campus even during daylight. N.T. 2/9/95 at 11. Finally, the hearing transcript also reflects that appellant adamantly persisted on continuing to speak with appellee despite her pleas for him to desist. Consequently, we find that there was sufficient evidence for the trial court to conclude that appellant "[k]nowingly engag[ed] in a course of conduct or repeatedly committ[ed] acts toward [her], including following [her], without proper authority, under circumstances which *529 place[d] [her] in reasonable fear of bodily injury." 23 Pa.C.S. § 6102(a)(5); Miller, supra; cf. Counterman, supra (finding threats of former domestic partner to kill petitioner and her family, without actual or attempted physical violence, enough to sustain PFA order).[1]
Appellant also asserts a general due process claim that he was denied a fair hearing with counsel to present his case. However, a hearing was held on February 9, 1995, where appellant was entitled to present witnesses in his own defense and to cross-examine witnesses including appellee. Moreover, appellant must bear the consequences for failing to secure an attorney in time for the hearing. Cf. Weir v. Weir, 428 Pa.Super. 515, 529, 631 A.2d 650, 657 (1993) (no legislatively created right to counsel at a PFA hearing). Consequently, this claim is meritless.
Accordingly, we affirm the PFA order of the trial court.
Affirmed.
McEWEN, President Judge, concurs in the result.
NOTES
[1] We note that appellant's defense might have had some merit before the 1994 amendments to the PFA Act. Although we could not find a reported case interpreting 23 Pa.C.S. § 6102(a)(5), it was clearly the intent of the legislature in amending the statute to "clos[e] the loopholes" and broaden the protections of the Act. H.B. 1717, June 23, 1993, at 1576.