J-S34031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S. C. C., | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| J. L. C., | |
| | |
| Appellant | No. 2348 EDA 2016 |

Appeal from the Order June 27, 2016
in the Court of Common Pleas of Philadelphia County
Family Court at No.: 1606V7386

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED JULY 24, 2017**

Appellant, J. L. C., appeals from the order granting a Final Order of Protection From Abuse (PFAO) in favor of his former paramour (and mother of his now four year old son), S. C. C., Appellee.[1] Appellant maintains that his conceded statements about killing Appellee, or having someone kill her for him, were only jokes. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the record and the briefs identify the parties by their full names, we will follow the practice of the trial court and identify the parties in both the caption and in this memorandum by their initials to preserve their privacy. *See E.W. v. T.S.*, 916 A.2d 1197, 1199 n.1(Pa. Super. 2007); *In the Interest of R.C.,* 628 A.2d 893, 894 (Pa. Super. 1993). We have amended the caption accordingly.

Appellant and Appellee were in a romantic relationship for approximately four years, until Mother's Day, May 8, 2016. They are the parents of a now four year-old son. Therefore, the parties were "intimate partners . . . who share biological parenthood" within the definition in the protection from abuse statute. 23 Pa.C.S.A. § 6102.

About a month after the break-up, on June 4, 2016, the three went on a day trip to the Elmwood Park Zoo in Norristown, followed by lunch at the King of Prussia Mall. In the mall parking lot, Appellee became concerned when she noticed a man who made her feel uneasy, and took evasive action to avoid him. Appellant saw her from the mall entrance.

When Appellant asked her what she had been doing, she explained that the man could have been a threat to her, who might have wanted to drug her, or Tase her. (*See* N.T. Hearing, 6/27/16, at 10). Appellee told Appellant that she knew he wanted her "out of the picture." (*Id.* at 11). Appellant replied that if he wanted to get rid of her he had fifty ways to do it, including making a fall on a mall escalator look like an accident. (*See id.*). He proceeded to recite a list of other possible murders, including choking and poisoning.

Appellant, who is employed as a parole agent, had also mentioned using his employer-issued Taser on her. But he concluded that if he was going to kill her he would get somebody else to do it for him. (*See id.* at 12). Appellee filed for a protection from abuse order on June 23, 2016.

After a hearing[2] on June 27, 2016, the court issued a final protective order, for one year.[3] The court denied a motion for reconsideration (which included the weight claims presented here on appeal), without a hearing, on July 15, 2016. This timely appeal followed, on July 25, 2016.[4]

Appellant presents four questions for our review:

> 1. Whether the [c]ourt erred in finding Appellee's testimony credible that she was in reasonable fear of immediate serious bodily injury from Appellant?
>
> 2. Whether the [t]rial [c]ourt erred in failing to find Appellant's testimony more credible than Appellee's?
>
> 3. Whether the [t]rial [c]ourt erred in failing to give proper weight to the fact that Appellee spent significant time with Appellant after the date of the incident contained in the [p]rotection from [a]buse petition and prior to the filing of the petition, which was filed twenty days after the alleged incident?
>
> 4. Whether the [t]rial [c]ourt erred in failing to give proper weight to the fact that the [o]rder prohibits Appellant from possessing a firearm, which is a necessary requirement of his job as a parole officer[?]

_____

[2] Appellant was represented by counsel at the hearing. Appellee appeared *pro se*.

[3] Therefore, the PFAO was set to expire on June 27, 2017. We review this appeal, even though the one year effective period has presumably expired, because this case falls into the well-recognized exception to the mootness doctrine of a case which has important public policy considerations and yet may escape review. **See Snyder v. Snyder**, 629 A.2d 977, 980 n.1 (Pa. Super. 1993).

[4] Appellant also filed a statement of errors complained of on appeal. The trial court filed an opinion, on November 15, 2016. **See** Pa.R.A.P. 1925.

(Appellant's Brief, at 3).

Our standard of review is well-settled.

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *Hood-O'Hara v. Wills*, 873 A.2d 757, 759 (Pa. Super. 2005) (citation omitted).

> In reviewing the validity of a PFA order, we must determine whether the evidence, in the light most favorable to petitioner and granting her the benefit of all reasonable inferences, was sufficient to sustain the trial court's determination that abuse was shown by a preponderance of the evidence. Moreover, we must defer to the lower court's determinations of the credibility of witnesses at the hearing.

*R.G. v. T.D.,* 672 A.2d 341, 342 (Pa. Super. 1996) (citations omitted).

In this appeal, all four of Appellant's questions raise weight claims, two explicitly, and two questioning credibility assessments.

> Our standard of review of a weight of the evidence claim is for an abuse of discretion. Appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Indeed, it is oft-stated that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings. . . . A defendant must put the issue before the trial court in the first instance because it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa. Super. 2011) (citations and quotation marks omitted). "When reviewing a challenge to the weight of the evidence, the verdict may be reversed only if it is so

- 4 -

contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Davidson***, 860 A.2d 575, 582 (Pa. Super. 2004), *affirmed*, 938 A.2d 198 (Pa. 2007) (citations omitted). "When 'the figure of Justice totters on her pedestal,' . . ., then [the verdict] is truly shocking to the judicial conscience." ***Id.*** at 581 (citations omitted).

Here, under both our sufficiency standard of review for a PFAO and our review of Appellant's specific weight claims, we conclude the trial court properly determined that Appellee, by her testimony, established abuse by a preponderance of the evidence. The record supports the trial court's finding that Appellant's death threats put Appellee in reasonable fear of imminent serious bodily injury. (***See*** Trial Court Opinion, 11/15/16, at 8-10); ***see also*** 23 Pa.C.S.A. § 6102(a)(2). Reviewing the evidence in the light most favorable to Appellee as the petitioner, we discern no basis on which to disturb the finding of the trial court. ***See R.G. v. T.D., supra*** at 342.

Appellant conceded the substance of the statements, but claimed he was only joking. (***See*** N.T. Hearing, 6/27/16, at 45-48). Notably, the trial court found that Appellee was credible, and Appellant was not. (***See*** Trial Ct. Op., at 9). Specifically, the trial court found that Appellant's assertion that he was only joking was "preposterous." (***Id.***). We defer to the credibility determinations of the trial court which find support in the record. Appellant's first two claims fail.

In his third claim, Appellant argues that the trial court failed to give proper weight to Appellee's interaction with him from the date of the statements until she filed the petition. It was the exclusive province of the trial court sitting as fact finder to weigh conflicting evidence. *See Ratushny, supra* at 1272. We decline Appellant's invitation to an impermissible re-weighing of the evidence. Appellant's third claim does not merit relief.

Finally, in his fourth claim, Appellant challenges the weight the trial court gave to the fact that the PFAO prohibits him from possessing a firearm, which he maintains is a requirement for his job as a parole officer. (*See* Appellant's Brief, at 11). Even though Appellant maintains that possession of a firearm is a job requirement, it appears elsewhere in the record that he was assigned to desk duty after the issuance of the temporary PFAO, albeit with reduced hours. (*See* N.T. Hearing, at 47).

More fundamentally, Appellant fails to develop an argument in support of this claim, which he raises in a single paragraph of three sentences with absolutely no citation to any pertinent authority. Accordingly, Appellant has waived his final argument. *See* Pa.R.A.P. 2119(a), (b).

Moreover, it would not merit relief. Here, again, Appellant misapprehends the purpose of appellate review. It is not the role of this Court to re-weigh the evidence presented to the trial court.

In any event, hardship which might result as a collateral consequence of firearms restrictions imposed on the grant of the PFAO is beyond the scope of our appellate review. We examine the order and the record to determine if the trial court properly found that Appellee established abuse by a preponderance of the evidence. *See Hood-O'Hara*, *supra* at 759; *R.G.*, *supra* at 342. We do not review the PFAO to determine if its enforcement would be inconvenient to Appellant.

Order affirmed.

Judge Bowes joins the Memorandum.

Judge Solano concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017