J-A19024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.I. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.I. | : | |
| | : | |
| Appellant | : | No. 925 EDA 2020 |

Appeal from the Order Entered February 14, 2020
In the Court of Common Pleas of Chester County Domestic Relations at
No(s):  No. 2019-12303-PF

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:             **FILED OCTOBER 16, 2020**

T.I. ("Husband") appeals the order granting the Protection from Abuse ("PFA") petition filed by L.I. ("Wife"). We affirm.

Wife filed a PFA petition on December 9, 2019, on behalf of herself and her and Husband's infant child. Wife alleged in a handwritten statement attached to her petition that "my husband threatened to murder me on Thanksgiving (Nov. 28, 2019) if I were to bring to light his abusive behavior." **See** Petition, Attached Statement. Wife hid Husband's gun while he was out of the house. Husband found the gun when he returned, and Wife fled the home with their child. She also alleged that in late September 2019, as she was bathing their child, Husband, who was "heavily intoxicated," "cornered us in the bathroom not allowing us to move while I held my wet baby after a bath and threatening to take the baby from the house." **Id.** Wife stated, "I fear for

my life and the life of my child." *Id.* The trial court granted a temporary PFA and scheduled a hearing.

At the hearing, Wife testified that the incident on Thanksgiving had prompted her to file the petition, and that Husband's exact words were "he would fucking murder me while I was nursing my son in bed next to him . . ." N.T., PFA Hearing, 2/13/20, at 4. She said the incident occurred at approximately 5:00 a.m. and that Husband made the threat because "[h]e was angry that I was contacting his parents for help with the situation." *Id.* at 6. Wife said that she replied that she would stop contacting his parents when she got the help she needed, at which point Husband threatened to murder her. *Id.* at 4.

Regarding the bathing incident, Wife testified that as she was bathing their child, Husband "said I was going to get too much water in [child's] mouth and that I was hurting him," so she took the child into another bathroom. *Id.* at 8. She testified that Husband then "cornered me in that bathroom and told me he was going to take my son away." *Id.* Wife testified that Husband did not physically abuse her, but that "it was physical intimidation. . . ." *Id.* However, she also testified that she believed that Husband would "inflict bodily harm" against her, and had made threats against her and their child both when he was intoxicated and when he was sober. *Id.* at 10-11. Wife testified that she filed a police report Thanksgiving night, after Husband and his parents had left the home. *Id.* She filed the PFA petition the following Monday. *Id.* at 12.

Husband testified that he did not threaten to murder Wife on Thanksgiving. *Id.* at 47, 48. He also testified that he informed Wife on December 6, 2019, that if they could not work something out, he would file for custody of child. *Id.* at 56, 57. He also testified that that same day, Wife threatened him via text message that if she found out he was at a particular restaurant, "you'll see what happens." *Id.* at 58. Husband testified that he has never been "physically violent" toward Wife or child. *Id.* at 60. Regarding the bath incident, Husband testified that "[Wife] poured a large portion of water down [child's] throat by accident. . . . I grabbed him out of the tub because I thought he was choking." *Id.*

At the close of the hearing, the trial court issued a permanent PFA order. It explained that it did not find Husband's testimony credible and that Wife's testimony established that she was in "reasonable fear personally of being in bodily harm":

> I thought [Husband's] own testimony . . . was less forthcoming than total credibility would require. And I think it shows pretty much a lack of insight as to how he may be perceived with regard to what the reality is by his wife.
>
> And I think there's enough here for [Wife] to have a reasonable fear personally of being in bodily harm. So I'm going to grant the order restricted to the plaintiff.

*Id.* at 102.

Husband timely appealed and raises the following issues:

    I.    Whether the trial court erred and/or abused its discretion by entering a three-year Protection from Abuse Order because it concluded there was enough

evidence for [Wife] to have "a reasonable fear personally of being in bodily harm" when the standard is whether the [Wife] was placed in "reasonable fear of imminent serious bodily injury."

II. Whether the trial court erred and/or abused its discretion by entering a three-year Protection from Abuse Order when there was insufficient evidence of record to support the same, including insufficient evidence to support a finding that [Wife] was placed in reasonable fear of imminent serious bodily injury.

III. Whether the trial court erred and/or abused its discretion by finding that [Wife] was unable to leave the parties' bedroom after the alleged threat was made because she was recovering from a C-section.

IV. Whether the trial court erred and/or abused its discretion by finding that [Husband] was consuming alcohol on the day he purportedly made the threat and that the same playing into the reasonableness of [Wife's] alleged fear.

V. Whether the trial court erred and abused its discretion by finding [Wife's] testimony credible and [Husband's] testimony not credible.

Husband's Br. at 4-5 (suggested answers omitted).

Husband's first two issues are related. He first challenges the standard the trial court applied to the PFA petition. Husband maintains the trial court should have determined whether Wife had a "reasonable fear of imminent serious bodily injury," rather than "reasonable fear personally of being in bodily harm." *Id.* (quoting N.T., PFA Hearing, 2/13/20, at 102) (emphasis added). He then argues that the evidence was insufficient to meet the proper standard.

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." **Hood-O'Hara v. Wills**, 873 A.2d 757, 759 (Pa.Super. 2005). An abuse of discretion exists where there is not "merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." **Mescanti v. Mescanti**, 956 A.2d 1017, 1019 (Pa.Super. 2008) (quoting **Custer v. Cochran**, 933 A.2d 1050, 1053-43 (Pa.Super. 2007) (*en banc*)).

A plaintiff seeking a PFA order bears the burden of proving abuse by a preponderance of the evidence. 23 Pa.C.S.A. § 6107(a). On appellate review of the grant of a PFA order, "we view the evidence in the light most favorable to the petitioner and grant [her] the benefit of all reasonable inferences derived therefrom." **D.H. v. B.O.**, 734 A.2d 409, 410 (Pa.Super. 1999).

The PFA Act defines "abuse" in multiple ways, two of which are relevant here. "Abuse" includes the following acts between family members: "[p]lacing another in reasonable fear of imminent serious bodily injury" and "[k]nowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a)(2) and (a)(5).

While Husband is correct that the first definition requires a "reasonable fear of imminent serious bodily injury," the second definition contains the

language the trial court referenced: "reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a)(5). Husband's first issue fails.

In his second issue, Husband alleges that the trial court erred in granting the PFA petition because the evidence was insufficient to prove that Wife was in reasonable fear of "imminent serious bodily injury." We disagree.

Husband's highly specific threat at 5:00 a.m. to murder Wife in bed next to him as she nursed their child was sufficient to establish that Wife had a reasonable fear of imminent serious bodily injury. Furthermore, as we have explained, Husband references only one of the PFA Act's definitions of "abuse." The Act also defines "abuse" as a course of conduct or repeated acts that "place the person in reasonable fear of bodily injury," which the evidence here was sufficient to prove. 23 Pa.C.S.A. § 6102(a)(5). Wife testified not only about Husband's threat to murder her but also about his general behavior, including berating her and physically intimidating her, and cornering her during the bathing incident. *Id.* Viewed in the light most favorable to Wife and giving deference to the trial court's credibility determinations, we discern no abuse of discretion. *See **R.G. v. T.D.***, 672 A.2d 341, 342-43 (Pa.Super. 1996) (concluding evidence was sufficient under Section 6102(a)(5) where boyfriend made repeated calls to victim and left a message stating, "You're not answering me, you'll die.").

Husband's third issue maintains that the trial court's statements during the hearing evince a belief that Wife did not leave the house on Thanksgiving because she was recovering from a caesarian section. Even if the court

misapprehended the testimony in this regard, the error was harmless. The trial court did not cite her recovery from the caesarian section in support of the PFA petition, and the remaining evidence, without consideration of her recovery, supported the granting of the petition.

In his fourth and fifth issues, Husband challenges the trial court's credibility findings. He contends that the trial court erroneously found as a fact that he had been drinking at the time he made the murder threat and that his drinking supported a finding that Wife's fear was reasonable. In his final issue, Husband explicitly challenges the trial court's finding that Wife's testimony was credible and that his testimony was not.

These arguments lack merit. Such matters of credibility and weight of testimony are for the trial court, not this Court. **See K.B. v. Tinsley**, 208 A.3d 123, 129 (Pa.Super. 2019). Moreover, the court did not make a finding that Husband had been drinking when he made the murder threat on Thanksgiving. Rather, the court credited Wife's testimony that Husband drinks often and, in that context, it made the commonsense finding that Husband's behavior could easily turn violent, such that Wife's fear was reasonable.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/20