J-A13005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GRAZYNA SKLODOWSKA-GREZAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WIESLAW GREZAK | : | No. 1720 EDA 2020 |

Appeal from the Order Entered July 29, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 2005-05155

BEFORE:    BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                 **FILED AUGUST 30, 2021**

Grazyna Sklodowska-Grezak (Appellant) appeals *pro se* from the July 29, 2020 order that dismissed the Protection from Abuse (PFA) petition with prejudice that she filed against Wieslaw Grezak (Appellee), her former husband. Following our review, we affirm.[1]

Initially, we note that the trial court, by order entered September 1, 2020, directed Appellant to file a concise statement of errors complained of on appeal within twenty-one days of the date of that order. **See** Pa.R.A.P.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Before we discuss the instant appeal, we reference three motions that Appellant has filed with this Court in connection with this appeal. Other motions Appellant has filed have been previously addressed. The three motions are entitled: "Motion to Vacate May 14, 2021 Order Denying Request to File Supplement to Reproduced Record" (filed 5/26/2021); "Motion to Admonish Appellee" (filed 5/26/2021); and "Motion to Refile Motion to Vacate to 226 EDA 2021" (filed 6/8/2021). These motions are denied.

1925(b). However, Appellant's statement was not entered on the trial court docket until September 23, 2020. Thus, the trial court considered that Appellant's statement was untimely and that the issues were waived. Despite that conclusion, the court addressed the issues Appellant raised in her statement.

We agree with the trial court's decision on waiver. In **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222 (Pa. Super. 2014), this Court held that, where the trial court's Rule 1925(b) order notifies the appellant that any issue not raised in a timely-filed statement will be deemed waived, "it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues." **Id.** at 225. "Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived…." **Id.** (citations omitted). Here, the court stated in its Rule 1925(b) order that "any issue not properly included in the concise statement timely filed and served … shall be deemed waived." Order, 9/1/20, at 1 (single page). Therefore, Appellant's untimely filing of her Rule 1925(b) statement waives her issues for review.

Nevertheless, even if not waived, we would conclude that Appellant's claims are meritless. Appellant presents five issues in her brief, which we reproduce *verbatim*:

1. Whether Defendant's Attorney should recuse herself before the Hearing due to her knowledge of conflict of interests, and her [breach] of Plaintiff's[/Appellant's] confidentiality.

2. Whether the ineffectiveness of Plaintiff's [/Appellant's] substitute Attorney appointed to her with lack of consultation before the Hearing coupled with Plaintiff's [/Appellant's] hearing problems, absence of Polish interpreter, and COVID-19 regulations in the Court during the Hearing caused, that Defendant's [Appellee's] Attorney counseled, assisted Defendant [/Appellee] … [,] created and preserved known to her perjury of Defendant [/Appellee] during the hearing, when did not reveal such a perjury of client to the Court, and knowingly used and continuously argued known perjury as credible to establish and preserve an evidence of the credibility of Defendant's [/Appellee's] testimony to dismiss PFA Petition with prejudice.

3. Whether, as a result of these events, Plaintiff [/Appellant] who did not hear what was going on during the hearing, and not having any opportunity to make an objection to Defendant's [/Appellee's] testimony … was under impression, that the … [Appointed] Counsel asked the Trial Court for … [her] requested continuance and consultation to amend the Petition, to call the witness to [a] trial tending to show that Defendant [/Appellee] continuously threatened and abused Plaintiff[/Appellant] a day before the Hearing, when the purpose of the PFAA is to protect victims of domestic violence from the perpetrators of abuse[,] and to prevent domestic violence from future occurring.

4. Whether, due to Defendant's [/Appellee's] false police report against Plaintiff [/Appellant], the record of the case supports Pennsylvania State Police' ineffectiveness to protect her safety and to call for ambulance to her.

5. Whether the PFA Trial Court had a personal jurisdiction over Plaintiff [/Appellant] to dismiss her Petition.

Appellant's brief at 4. We note that Appellant's stated issues and the accompanying arguments in her brief are at times incomprehensible, making our review extremely difficult.

To begin our review, we also recognize that the factual and procedural history of this case is complex, mainly because Appellant has filed five previous PFA petitions against Appellee in the past, which were either withdrawn or dismissed. Appellant has also filed numerous appeals to this Court from an extensive variety of orders issued by the trial court, many related to the divorce matter. The present PFA petition was filed on July 22, 2020, and a hearing was held on July 29, 2020. Both parties were represented by counsel and both parties testified. At the end of the hearing, the court announced its decision, stating:

> THE COURT: All right. I am very familiar with this case. I'm handling the divorce case. There's been -- I know the divorce case is still pending. There's about to be a closing on the real estate that was ordered to be sold as part of the equitable distribution scheme. There have been a number of PFAs filed in this case in the past. I think the records would be accurate that they had been dismissed. In fact, at one point, a couple [of] years ago, there was an order issued by Judge Williamson that Ms. Grezak was prohibited from filing PFAs.
>
> With regards to this case, she was – she filed it and the [c]ourt has heard it.
>
> However, I do not find her testimony, as she described this incident to have occurred, to be credible, and therefore I am going to dismiss her PFA petition with prejudice. Costs waived.

N.T. Hearing, 7/29/2020, at 23-24. The court then added to the order that "Attorney Janet Catina's representation of Plaintiff in this PFA hearing is hereby concluded." *Id.* at 25.

> "As an initial matter, we note that, in a PFA action, we review the trial court's legal conclusions for an error of law or an abuse of discretion." *Custer v. Cochran*, 933 A.2d 1050, 1053-

54 (Pa. Super. 2007) (*en banc*) (quoting **Lawrence v. Bordner**, 907 A.2d 1109, 1112 (Pa. Super. 2006)). "The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." **Id.** at 1054 (citing **Lawrence**, 907 A.2d at 1112).

**Buchhalter v. Buchhalter**, 959 A.2d 1260, 1262 (Pa. Super. 2008).

"Moreover, we must defer to the lower court's determinations of the credibility of witnesses at the hearing." **R.G. v. T.D.**, 672 A.2d 341, 342 (Pa. Super. 1996).

We have reviewed the certified record, the parties' briefs, the applicable law, and the thorough opinion authored by the Honorable Steven M. Higgins of the Court of Common Pleas of Monroe County, dated October 28, 2020. We would conclude that Judge Higgins' opinion accurately disposes of the issues presented by Appellant on appeal, and we would discern no abuse of discretion or error of law. Accordingly, had Appellant preserved her issues, we would adopt Judge Higgins' opinion as our own and affirm the order appealed from on that basis.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2021

- 5 -

**COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **GRAZYNA SKLODOWSKA-GREZAK** | : | NO. | **5155 CV 2005** |
| | : | | **751 DR 2005** |
| | : | | |
| **Plaintiff** | : | | |
| vs. | : | | |
| **WIESLAW GREZAK ,** | : | | |
| | : | | |
| **Defendant** | : | | |

## STATEMENT PURSUANT TO Pa. R.A.P. 1925(a)

This matter before this Court on Plaintiff Grazyna Sklodowska-Grezak's (hereinafter "Appellant") appeal of this Court's Order dated July 20, 2020, dismissing Appellant's protection from Abuse (PFA) Petition with prejudice.

On August 31, 2020, we issued an Order, which was filed on September 1, 2020, at the above docket directing Appellant to file her concise statement of issues raised on appeal. A similar order was filed in Appellant's divorce action at docket 55750 CV 2016 for unknown reasons[1]. On September 23, 2020[2], Appellant filed her concise statement of issues raised on appeal ("Statement") to the above docket number; however, the Court inadvertently filed its 1925(a) statement to the divorce docket at 55750 CV 2016. We now file our 1925(a) statement regarding this appeal (PFA). Although we consider Appellant's issues to be waived due to her untimely filing of her Statement, for the sake of judicial economy, we will address the issues she has raised in her Statement.

---

[1] Appellant has filed multiple appeals at both this docket and her divorce action docketed at 55750 CV 2016. The current appeal involves the issue of our denial of a PFA on July 20, 2020. On October 1, 2020, Appellant filed another appeal in her divorce action from an Order dated September 1, 2020, which may have added to the confusion of her multiple appeals thereby resulting in the duplicate filing of the Court's 1925(a) statement.

[2] Appellant was required to file her statement of issues raised on appeal by September 21, 2020.

In her first issue, Appellant believes that this Court erred by failing to requiring Defendant's attorney to recuse herself due to conflict of interest. Appellant regularly requests that Defendant's counsel recuse herself in the divorce action. Those requests have been denied. In the PFA proceeding, Defendant's counsel, Brandie Belanger, Esquire, is the standing PFA advocate in Monroe County. In order to avoid a conflict of interest, the standing PFA defense counsel, Janet Catina, Esquire, was assigned to represent Appellant and Defendant was represented by Attorney Belanger. This is a typical procedure the Court employs when a conflict of interest exists during a PFA hearing. Thus, we find no error in this matter.

Second, Appellant complains that appointed counsel was ineffective and that she was not able to participate due to the absence of a Polish interpreter and we allowed known perjury of Defendant to be introduced at hearing. The attorney appointed to represent Appellant at the PFA hearing was fully competent and Appellant has failed to outline any specific claims of ineffectiveness. Moreover, although Appellant's native language is Polish, Appellant regularly appears before this Court and speaks fluent English. During numerous prior hearings in the divorce action, a Polish interpreter has been provided and the Appellant participates in English without using the interpreter. The Court is satisfied that Appellant is fluent in English and does not require an interpreter. Further, the Court is unaware of any perjured testimony elicited at the hearing and accordingly Appellant is not entitled to any relief.

Next, Appellant complains that a continuance was not granted which prejudiced her. Appellant was present and fully participated at hearing in support of her PFA

petition. The Court found that under the circumstances a PFA was not warranted. We find no error on this issue.

Fourth, Appellant alleges ineffectiveness of the Pennsylvania State Police. The issue presented by Appellant is not coherent and after hearing the evidence, we determined there was no basis for the issuance of a PFA.

In her final issue, Appellant claims that this Court lacks jurisdiction in her PFA petition. Pursuant to 23 Pa, C.S.A. § 6103 et seq., this Court has jurisdiction over all proceedings filed under the Protection from Abuse Act. Appellant is not entitled to any relief.

We find nothing further needs to be addressed, therefore, we request the Superior Court to affirm our Order of July 20, 2020.

**BY THE COURT:**

10.28.2020
**DATE**

**STEPHEN M. HIGGINS, J.**

cc:    Janet Catina, Esquire
       Brandie Belanger, Esquire
       Grazyna Sklodowska-Grezak, pro se
       Prothonotary Superior Court of Pennsylvania

PROTHONOTARY
2020 OCT 28 P 2: 54
MONROE COUNTY, PA