J-A21005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ASTRA V. FLANAGAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN-RYAN WHITE | : | |
| | : | |
| Appellant | : | No. 682 EDA 2023 |

Appeal from the Order Entered February 9, 2023
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2021-080914

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

JUDGMENT ORDER BY NICHOLS, J.:          **FILED SEPTEMBER 18, 2023**

Appellant Shawn-Ryan White appeals *pro se* from the order granting the petition filed pursuant to the Protection from Abuse (PFA) Act[1] by Appellee Astra V. Flanigan.  After review, we affirm.

The facts and procedural history of this matter are well known to the parties.  **See** Trial Ct. Op., 4/17/23, at 1-2.  Briefly, on February 9, 2023, the trial court granted Appellee's petition for a final PFA order to remain in effect until February 9, 2026.  The order awarded temporary physical and legal custody of the parties' minor child, M.W. (Child), subject to modification in a

---

[1] 23 Pa.C.S. §§ 6101-6122.

custody proceeding. ***See id.*** at 2. Appellant filed a timely notice of appeal and complied with Pa.R.A.P. 1925.[2]

Appellant presents the following issues on appeal:

1. Whether or not it was an abuse of discretion or an error of law or a fundamental violation of due process of law for the [trial court], in a matter where a temporary order was filed and effective on June 11, 2021 to readily continue the matter repeatedly for [Appellee] for almost 2 years but then, at [Appellant's] first opportunity to appear on February 9, 2023, for the PFA court to deny [Appellant's] first continuance request, for only a brief amount of time that would cause no prejudice to the opposing party, the weight of the court[']s order being only upon the party requesting the continuance, [Appellant], particularly in light of his counsel having fallen ill only that very morning in addition to the resulting fundamental unfairness of the consequent proceedings where [Appellant] was compelled to conduct an examination of the opposing party, etc.?

2. Whether it was an abuse of discretion, error of law, or a fundamental and constitutional violation for the court to deny [Appellant] any contact or custody with [Child] ancillary to the PFA order, either substantively or procedurally[?]

Appellant's Brief at 11-12 (formatting altered).

Appellant first challenges the denial of his motion for a continuance due to counsel's illness. The decision whether to grant or deny a continuance is left to the trial court's discretion. ***A.L.B. v. M.D.L.***, 239 A.3d 142, 148 (Pa.

_____

[2] The trial court noted that Appellant filed his Rule 1925(b) statement along with his notice of appeal on March 10, 2023. ***See*** Trial Ct. Op., at 2. However, the Rule 1925(b) statement was not filed on the trial court docket. On April 5, 2023, this Court ordered Appellant to file the Rule 1925(b) statement on or before April 17, 2023, and Appellant complied. ***See*** Rule 1925(b) Statement, 4/17/23.

Super. 2020). "Illness of counsel of record" is grounds for a continuance. Pa.R.C.P. 216(A)(2). However, because there is no legislatively created right to counsel at a PFA hearing, parties "must bear the consequences for failing to secure an attorney in time for the hearing." **R.G. v. T.D.**, 672 A.2d 341, 343, (Pa. Super. 1996).[3] Here, however, Appellant was *pro se* throughout the proceedings, and no attorney entered an appearance for Appellant. Therefore, because Appellant did not have counsel, we discern no abuse of discretion by the trial court in denying Appellant's motion for continuance due to counsel's illness. Accordingly, Appellant's first issue is meritless.

Appellant next challenges the custody arrangement in the PFA order and argues that it was not in Child's best interests. **See** Appellant's Brief at 38. Because Appellant has failed to develop this claim with meaningful argument or citation to authority, this issue is waived.[4] **See C.H.L. v. W.D.L.**, 214 A.3d 1272, 1276 (Pa. Super. 2019) (stating that "[i]t is well-established that the

_____

[3] Appellant was notified of his right to have counsel present, but informed that counsel would not be appointed and that if he did not obtain counsel on his own, he may have to proceed without an attorney. Notice of Hearing, 6/11/21, at 2; **see Davis v. Davis**, 2021 WL 4281300 (Pa. Super. filed Sept. 21, 2021) (unpublished mem.) (defendant was informed in the PFA petition of the right to have counsel during PFA proceedings but not entitled to appointed counsel); **see also** Pa.R.A.P. 126(b) (stating that this Court may cite to non-precedential decisions filed after May 1, 2019 for their persuasive value).

[4] Further, we note that when considering a PFA petition, the trial court is not required to conduct a best-interests-of-the-child analysis. **See C.H.L.**, 214 A.3d at 1280-81.

failure to develop an argument with citation to, and analysis of, pertinent authority results in waiver of that issue on appeal"); Pa.R.A.P. 2119(b).

Because we conclude that Appellant's first issue is meritless and his second issue is waived, we affirm the trial court's order. In light of our decision, the Prothonotary is directed to remove this case from the A21-23 argument list, which is scheduled for October 3-4, 2023.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2023