J-A01003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| ELIZABETH SERRANO O/B/O MINOR CHILDREN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN C. MORALES | : | |
| | : | No. 1915 EDA 2024 |
| Appellant | : | |

Appeal from the Order Entered June 21, 2024
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-PF-2024-00568

BEFORE:  DUBOW, J., KING, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED DECEMBER 10, 2024**

Appellant, Juan C. Morales, appeals *pro se* from the June 21, 2024 order that granted the Petition for Protection from Abuse ("PFA Petition") that his ex-wife, Appellee Elizabeth Serrano, filed against him on behalf of herself and their children.  Upon review, we dismiss this appeal due to the substantial defects in Appellant's brief.

Appellant and Appellee were married for approximately 16 years and have been divorced for the past 7 years.  They are parents to two children, ages 7 and 12.  Appellee has sole legal and primary physical custody of the children, who have not had contact with Appellant in over a year.  Appellee filed a PFA Petition after Appellant began sending anonymous letters to her house and driving suspiciously around her neighborhood.  On June 21, 2024,

after a hearing where the trial court found Appellee's testimony to be credible, the court granted Appellee's PFA Petition and entered a final PFA order.

Appellant filed a timely *pro se* notice of appeal. The trial court filed a responsive Pa.R.A.P. 1925(a) opinion asserting that the court's decision was based on a finding that Appellee's testimony was credible, and that Appellant's testimony was not credible. Trial Ct. Op., 8/27/24, at 1.

It is axiomatic that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

"The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted); ***see also*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a [c]ourt will not consider the merits thereof." ***Branch Banking and Tr. v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006)

(citation omitted). Moreover, it is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Appellant's brief consists of three sections entitled: "Introduction," "Issues Raised," and "Summary and Closing Statement," respectively. Appellant fails to include a statement of jurisdiction, statement of the scope and standard of review, statement of the case, and summary of argument sections as required by Rule 2111. Most fatal to our review is that Appellant fails to include an argument section and, therefore, fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law. Appellant baldly cites a handful of statutes throughout his brief, but he fails to provide any statutory language, context, or citation to the record. Moreover, Appellant generally challenges the trial court's credibility determinations, but fails to identify what, if any, testimony he contests.[1] The omissions in Appellant's brief fatally hamper our review. We may not act as counsel. We, thus, dismiss this appeal.

We direct the prothonotary to strike this appeal from the January 7, 2025 argument list.

---

[1] Generally, we must defer to the trial court's credibility determinations of witnesses during a PFA hearing. *R.G. v. T.D.*, 672 A.2d 341, 342 (Pa. Super. 1996).

Appeal dismissed.  Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/10/2024